UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURTIS D KEPLINGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00385-JPH-MKK ) |
| ROBERT CARTER, JR., *et al.*, | ) ) |
| Defendants. | ) ) |

**ORDER SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Curtis Keplinger alleges that he was attacked by fellow inmates at Putnamville Correctional Facility in January 2023 after warning the defendants he was in danger and needed to be moved. Because he is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Keplinger asserts claims for damages and injunctive relief against four defendants. Dkt. 2. Robert Carter was commissioner of the Indiana Department of Correction (IDOC). *Id.* Dushan Zatecky was warden of Putnamville Correctional Facility (PCF). *Id.* And Robert Evans and Klayton Nauman were investigators at PCF. *Id.* Mr. Keplinger bases his claims on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Keplinger is a former gang member. *Id.* In November 2018 and January 2019, while incarcerated at Miami Correctional Facility, gang members beat and stabbed Mr. Keplinger. *Id.*

In January 2023, Mr. Keplinger was incarcerated in a protective custody unit at PCF. *Id.* He heard gang members state that there was a "smash on sight for cash" hit out on him. *Id.*

Shortly thereafter, Mr. Keplinger spoke face-to-face with Warden Zatecky. *Id.* He described the previous attacks against him and the new threats and asked to be moved for his safety. *Id.* Warden Zatecky responded that Mr.

2

Keplinger was already in protective custody and that he could not offer any greater relief. *Id.*

Shortly thereafter, Mr. Keplinger spoke with Officers Evans and Nauman. *Id.* He told them about his previous attacks and the new threats. *Id.* They said they would look into the matter but refused to remove him from his housing unit. *Id.*

On January 14, 2023, gang members attacked Mr. Keplinger, and he suffered broken bones in his hand. *Id.*

Mr. Keplinger states that Commissioner Carter knew about the 2018 and 2019 attacks against him and knew he was in danger. *Id.* However, Mr. Keplinger does not allege that he notified the Commissioner of the new threats made against him in January 2023. *Id.*

### III. Discussion of Claims

The action **will proceed** with Eighth Amendment claims against Defendants Zatecky, Evans, and Nauman pursuant to 42 U.S.C. § 1983. Claims against Commissioner Carter are **dismissed** for **failure to state a claim** upon which relief may be granted.

The Eighth Amendment imposes on prison officials "a duty to protect prisoners from violence at the hands of other prisoners." *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Yet, to prevail on a failure-to-protect claim, the plaintiff "must show that the prison official was deliberately indifferent to an excessive risk to the prisoner's health or safety." *Id.* "[T]he prison official must have actual, not

3

merely constructive, knowledge of the risk to be liable." *Id.* "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015).

Put otherwise, an Eighth Amendment failure-to-protect claim includes the following elements:

1. There was a strong likelihood that Plaintiff would be seriously harmed as the result of an assault.

2. Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed as the result of an assault or that another prisoner would seriously harm a prisoner in Plaintiff's situation.

3. Defendant consciously failed to take reasonable measures to prevent the assault.

4. Plaintiff would not have been harmed, or would have suffered less harm, if Defendant had taken reasonable measures.

*See* 7th Cir. Civ. Pattern Jury Instr. 7.16; *LaBrec*, 948 F.3d at 841.

The complaint does not support a reasonable inference that Commissioner Carter had actual knowledge of the threats made against Mr. Keplinger in January 2023 or that he consciously failed to take reasonable measures to protect against that threat. At best, Mr. Keplinger alleges that Commissioner Carter had a "generalized, vague, or stale concern" about his safety based on attacks that took place four years earlier. *Gevas*, 798 F.3d at 480–81. Unlike the remaining defendants, no allegation supports a reasonable

4

inference that Commissioner Carter knew about the threats against Mr. Keplinger in 2023, much less that he willfully disregarded those threats.

### IV. Conclusion and Issuance of Process

The action **will proceed** with Eighth Amendment claims against Defendants Zatecky, Evans, and Nauman pursuant to 42 U.S.C. § 1983. Claims against Commissioner Carter are **dismissed** for **failure to state a claim** upon which relief may be granted. The **clerk is directed** to **terminate** the commissioner from the docket as a defendant.

The claims discussed in Part III are the only claims the Court recognized in the complaint. If Mr. Keplinger believes her asserted additional claims that the Court did not address, he must file a motion to reconsider this screening order **no later than December 27, 2024**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

**SO ORDERED.**

Date: 12/2/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

CURTIS D KEPLINGER
873736
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to IDOC defendants at Putnamville Correctional Facility:

    Dushan Zatecky
    Robert Evans
    Klayton Nauman